FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

2006 OCT 24  PM 1:30

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

ROBERT VITALE,

JUDGE:

Plaintiff,

CASE NO. 6:06-cv-1657-Orl-28JGG

v.

LIVE ELECTRIC, INC., a Florida for-profit
corporation, and HAIM SCWARTZ,

Defendants.
_____/

## COMPLAINT

Plaintiff, ROBERT VITALE, ("VITALE"), by and through his undersigned attorney, sues the Defendants, LIVE ELECTRIC, INC., (hereinafter, "LIVE ELECTRIC"), and HAIM SCWARTZ, and states as follows:

### INTRODUCTION

1. This is an action to recover monetary damages in the form of unpaid overtime wages, and to otherwise redress the deprivation of rights secured to Plaintiff by the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. § 201 *et. seq.* (hereinafter "FLSA").

### JURISDICTION

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §1331, and 28 U.S.C. §1343. At all times pertinent to this Complaint, Defendants were

an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, the Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce.

## VENUE

3. The venue is proper in the United States District Court for the Middle District of Florida based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in Seminole County, Florida, in the Middle District of Florida;

   b. At all times material hereto, the Defendants were and continue to be a business a enterprise and an individual doing business within this judicial district; and

   c. Defendants employed Plaintiff in the Middle District of Florida.

## PARTIES

4. At all times material hereto, VITALE was and continues to be a resident of Volusia County, Florida, in the Middle District of Florida, and was an "employee" of Defendants within the meaning of the FLSA.

5. LIVE ELECTRIC was, and continues to be, a Florida for-profit corporation engaged in the transaction of business in Sanford, Seminole County, Florida with its principal place of business in Sanford, Florida.

6. At all times material hereto, Defendants were in the business of providing electrical services to the general public.

7. At all times material hereto, Defendants conducted substantial and continuous business in the Middle District of Florida.

8. At all times material hereto, the Defendants were the employers of VITALE.

9. At all times material hereto, the Defendants were "employers" within the meaning of the FLSA.

10. At all times material hereto, the Defendant, LIVE ELECTRIC, was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

11. At all time material hereto, Plaintiff, VITALE, was "engaged in commerce" within the meaning of the FLSA.

12. At all time material hereto, Defendant, SCWARTZ, was involved in the day to day operations of LIVE ELECTRIC, and directly supervised Plaintiff's work.

13. Plaintiff, VITALE, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATMENT OF FACTS

14. Defendants hired Plaintiff in or about August 2005.

15. Defendants terminated Plaintiff on or about October 11, 2006.

16. While employed by Defendant, VITALE worked as an electrician.

17. Plaintiff's job duties as an electrician consisted of manual labor.

18. During Plaintiff's employment with Defendants, he primarily performed non-managerial, non-supervisory job duties, respectively.

19. During Plaintiff's employment with Defendants, and while performing the aforesaid duties, he did not exercise independent judgment or discretion in important matters.

20. During Plaintiff's employment, Defendants paid Plaintiff on an hourly rate of $18.00/hour.

21. During Plaintiff's employment with Defendants, he worked hours for which he was not paid his lawfully due FLSA overtime compensation. On or about August 20, 2006, Plaintiff complained about not being paid all of his lawfully due FLSA overtime compensation.

22. Upon learning of Plaintiff's complaints as aforesaid, Defendants terminated the Plaintiff's employment.

23. VITALE has retained Bober & Bober, P.A. to represent him in this action and is obligated to pay to said attorneys reasonable attorney's fees and costs.

## STATEMENT OF CLAIMS

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

24. Plaintiff, VITALE, repeats and realleges Paragraphs 1 through 23 as if fully set forth herein.

25. Plaintiff, VITALE' employment with Defendants, was to consist of a normal work week of forty (40) hours for which he should have been compensated at the equivalent hourly rate of time and one-half for all hours worked in excess of forty (40) in a seven day work week.

26. During Plaintiff's employment, in addition to Plaintiff, VITALE' normal forty (40) hour work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

27. Plaintiff, VITALE, was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

28. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff,

VITALE, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

29. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, VITALE, at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

30. Defendant failed to properly disclose or apprise Plaintiff, VITALE, of his rights under the FLSA.

31. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, VITALE, is entitled to liquidated damages pursuant to the FLSA.

32. Due to the willful and unlawful acts of Defendants, Plaintiff, VITALE, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

33. Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, VITALE, respectfully requests that judgment be entered in his favor against the respective Defendants:

   a.   Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

   b.   Awarding Plaintiff overtime compensation in the amount calculated by the court;

   c.   Awarding Plaintiff liquidated damages in the amount calculated by the court;

  d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

  e. Awarding Plaintiff post-judgment interest; and

  f. Ordering any other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF 29 U.S.C. § 215 (RETALIATION)

34. Plaintiff, VITALE, realleges Paragraphs 1 through 23 as if fully stated herein.

35. Pursuant to 29 U.S.C. § 215, Plaintiff, VITALE was entitled to engage in and assert FLSA protected activities and rights without retaliation.

36. On or about August 20, 2006, Defendants terminated Plaintiff's employment and removed him from their work schedule, causing him a financial loss.

37. The Defendants terminated Plaintiff and removed him from the work schedule solely because Plaintiff engaged in FLSA protected conduct, and had complained about Defendants' violations of the FLSA.

38. Plaintiff's retaliation was causally related to Plaintiff's FLSA protected activities in which he was entitled to be engaged.

39. Defendants did not terminate Plaintiff for good cause or on lawful grounds.

WHEREFORE, Plaintiff, VITALE, respectfully requests that judgment be entered in his favor against the Defendants:

  a. Declaring that Defendants retaliated against Plaintiff, VITALE, for asserting and engaging in FLSA protected conduct;

  b. Declaring that Defendants violated 29 U.S.C. § 215;

  c. Awarding Plaintiff, VITALE' back pay and front pay (through age 65),

6

respectively, in amount calculated;

d. Awarding VITALE liquidated damages in the amount calculated;

e. Awarding VITALE post-judgment interest;

f. Awarding VITALE compensatory damages for emotional pain, suffering and humiliation;

g. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b); and,

h. Ordering reinstatement, and injunctive relief preventing Defendant from discriminating in the manner described above;

i. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

DATED: October 18, 2006.

                Respectfully submitted,

                BOBER & BOBER, P.A.
                Attorney for Plaintiff
                1930 Tyler Street
                Hollywood, FL 33020
                (954) 922-2298 (phone)
                (954) 922-5455 (fax)
                peter@boberlaw.com

                By: _____
                PETER BOBER
                FBN: 0122955
                SAMARA ROBBINS BOBER
                FBN: 0156248